UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MR. LORAN LEWIS, | ) | |
| Petitioner, | ) ) | Case No. EDCV 11-1835-SJO(AJW) |
| v. | ) ) | |
| SCOTT MCEWEN (WARDEN), | ) ) | MEMORANDUM AND ORDER DISMISSING PETITION |
| Respondent. | ) ) | |

    This is the third habeas corpus petition petitioner has filed in this court challenging his 2001 in the San Bernardino Superior Court.[1] [See Petition at 2]. Petitioner's first petition was dismissed without prejudice for failure to exhaust state remedies. Case No. CV 03-936-RSWL(AJW). Petitioner's second petition, which raised three claims for relief, was denied on the merits on January 29, 2007. Case No. CV 04-1315-RSWL(AJW). In this third petition, petitioner again challenges his 2001 conviction, raising three new claims for relief. [See Petition at 5-6 and attached pages].

---

[1] The Court may properly take judicial notice of such "matters of public record." See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1  A federal court must dismiss a second or successive petition that
2  raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).
3  A federal court also must dismiss a second or successive petition
4  raising a new ground unless the petitioner can show that (1) the claim
5  rests on a new, retroactive, constitutional right or (2) the factual
6  basis of the claim was not previously discoverable through due
7  diligence, and the new facts establish by clear and convincing
8  evidence that but for the constitutional error, no reasonable
9  factfinder would have found the applicant guilty of the underlying
10 offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court,
11 however, that decides whether a second or successive petition meets
12 the requirements permitting a petitioner to file a second or
13 successive petition. Rather, "[b]efore a second or successive
14 application permitted by this section is filed in the district court,
15 the applicant shall move in the appropriate court of appeals for an
16 order authorizing the district court to consider the application." 28
17 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657
18 (1996). Absent authorization from the court of appeals, this court
19 lacks jurisdiction over this second or successive petition. Greenawalt
20 v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S.
21 1102 (1997).

22 Because petitioner has not obtained leave from the Court of
23 Appeals to file a successive petition, this court lacks jurisdiction
24 to consider it. Accordingly, the petition is dismissed.

25 **It is so ordered.**
26 Dated: December 2, 2011.

S. James Otero
_____
S. James Otero
United States District Judge